## MacNair v. Bucks County

Before Beckert, Bodley and Mountenay, JJ.

*Irvin L. MacNair,* for plaintiff.
*Robert H. Yaroshuk,* for defendant.

BODLEY, July 9, 1974.—We have before us for disposition a class action in the nature of an agreement for amicable action and case stated in assumpsit. Plaintiff is one of 128 persons who, on Election Day, November 6, 1973, without benefit of formal appointment by a duly elected constable and without court approval, served at various polling places throughout this county in the capacity of deputy constables.

The thrust of plaintiff's action in assumpsit is that, although neither the statutory requirements nor those

of our rules of court respecting the appointment of deputy constables were complied with, nonetheless this court should direct the County of Bucks to pay each person the sum of $20, a total of $2,560. The county does not contest the claim of plaintiff and that of the class which he represents, but acknowledges that there is no apparent legal basis for the claim and, hence, seeks an order from this court directing the county to make the payments sought.

Although no factual record by way of testimony has been made, the court notes the lack of dispute between the parties, and accepts as true all well-pleaded facts. We may, therefore, conclude that each of the 128 persons whose names are appended to the complaint has a reputation for sobriety and honesty in the community in which he lives; that each was at the time in question a bona fide resident of his ward, borough or township; that on November 6, 1973 each performed the duties and functions required of a deputy constable at the polling place, fully and completely; that the appointment of a deputy constable for the purpose of assisting the duly elected constables in the various election districts affected would have been both reasonable and necessary under the circumstances; that the duly elected constable, in each instance, neglected or failed to appoint a deputy constable for the purpose of serving on Election Day, failed to abide by the rules of court respecting such appointments, and failed to secure court approval of such appointments; that without the benefit and assistance of deputy constables in the election districts affected, the duly elected constable would have been unable to alone attend to the duties of his office at each polling place; and that none of the 128 persons here affected has been paid the sum of $20 which has been

the customary fee for the services rendered by deputy constables in the past.

On the occasion of the argument of the matter before the court en banc, it became clear, and indeed, it is a matter of general knowledge, that at least during the recent history of this county, election day "deputy constables" had always been thus informally appointed, had duly served in such capacity, and had always been paid the appropriate fee for their services by the county. The record does not reveal just how or under what circumstances defendant county for the first time in recent history determined that the appointments were technically deficient, thus placing them in a position of necessarily refusing to pay for the services rendered. In any event, the county has turned to the courts in an effort to solve its problem. We regret that the solution to the county's problem cannot be found in this action.

The Election Code, Act of June 3, 1937, P. L. 1333, art. XII, sec. 1207, as last amended by the Act of June 19, 1969, P. L. 83, sec. 1, 25 PS §3047, provides, in part:

"The constable of each borough, township or ward, or his deputy shall be present at the polling place in each election district of such borough, township or ward at each primary and election during the continuance thereof, and while the votes are being counted, for the purpose of preserving the peace, and shall serve at all elections for which services the said constable and each of such deputies performing such services shall receive not less than ten ($10) dollars, nor more than twenty ($20) dollars. The compensation to be paid in each of the counties shall be fixed by the commissioners of each county, and paid by the county."

We can take judicial notice of the fact that under the Act of February 14, 1889, P. L. 6, sec. 1, as

amended, 13 PS §2, providing for the election of *a* constable in each borough and township, and where a borough is divided into wards, in each ward, there cannot be a sufficient number of elected constables to service the many voting precincts within the various townships and wards of this county. There is, hence, an absolute need, if the admonition of the section of the Election Code heretofore adverted to is to be obeyed, for the appointment of deputy constables who will serve at each polling place on election days. But until such time as the Election Code or the statute having to do with the appointment of deputy constables is amended, such appointments must be made in the manner prescribed by existing law.

This court has a local rule on the subject of the appointment of deputy constables. Rule 500 outlines the information to be included in the petition for approval by the court of the appointment of a deputy constable, and requires that the petition shall be accompanied by an affidavit of the proposed deputy setting forth (1) that he accepts the appointment, and (2) whether or not he has been convicted of any crime, and, if so, the nature thereof. The rule further requires that at least ten days notice by certified mail be given the district attorney of this county prior to the presentation of the petition to the court for approval. While the requirements of our rules of court can be waived, and, we believe, should be waived if this were the only impediment to the payment of the persons here affected (Jones Motor Co. Inc. v. Pennsylvania Public Utility Commission, 202 Pa. Superior Ct. 134 (1963)), the provisions of the statute cannot be set aside.

The Act of June 19, 1913, P. L. 534, sec. 1, 13 PS §21, provides, in part, that "the *sole power to appoint* a deputy constable, or constables, in any ward, borough,

or township, *shall be vested in the constable* of such ward, borough, or township, *subject to the approval of the* court of quarter sessions." (Emphasis supplied)

As though to reinforce the legislative intent, even at the cost of redundancy, the Act of April 15, 1834, P. L. 537, sec. 113, as amended by the Act of June 8, 1907, P. L. 465, sec. 1, 13 PS §22, provides:

"No deputy shall be appointed by any constable . . . *without the approbation of the court of quarter sessions of the proper county first had and obtained.*" (Emphasis supplied)

It is readily seen that this court is without power to grant the prayer of the action before it since the statutory requirements having to do with the appointment of deputy constables were not met. They cannot be waived. See in this connection: In re Appointment of Deputy Constables for Jenner Twp., 21 Somerset 47 (1962), where a similar conclusion was reached.

The law is such that deputy constables are assistants or agents of the constables who appoint them. They act for and in the name of their principals. Except for the provision of the Election Code which we referred to earlier, a deputy must always look to the constable who appoints him for payment and cannot be paid from the public treasury. His only remedy, generally speaking, is to sue the constable on an implied contract if he is not paid: Newton v. Luzerne County, 12 Dist. 695 (1903). Obviously, such an action in this instance would appear to be not only inappropriate but without merit, since it is most likely that the duly elected constable in each case had no hand in the selection or appointment of his alleged "deputy" and probably was not aware of his identity until after the fact.

We are not, however, called upon to decide that question. We here determine only, and with reluc-

tance, that the relief sought through this action must be denied.

### ORDER

And now, July 9, 1974, consistent with the foregoing opinion, the amicable action is dismissed.